May Term,
1853.
—————
THE STATE
v.
WINGATE.

</div>

---

## THE STATE *v.* WINGATE.

Motion to quash an indictment. The clerk recited in the record the impanneling of the grand jury, their names, and that one of them was afterwards discharged and another sworn and sent to the grand-jury room in his stead. *Held*, that even admitting that the matter recited by the clerk was properly before the Supreme Court as a part of the record, the motion should have been overruled.

ERROR to the *Clay* Circuit Court.

STUART, J.—Indictment for an assault and battery. Motion to quash sustained.

The clerk recites, among other things, the impanneling of the grand jury, their names, and that one of them was afterwards discharged and another sworn and sent to the grand-jury room in his stead.

If we admit that the matter recited by the clerk is pro-

<div align="right">

*Thursday,*
*June 2.*

</div>

perly before us as a part of the record, we should still presume in favor of the regularity of the proceedings of the Court below, in relation to the grand jury. Thus, it is fair to presume that the Court discharged the juror on account of sickness or some other adequate cause. The record shows there were still fourteen grand jurors; and does not show that the juror sworn in the place of the one discharged, acted with the grand jury in finding this bill.

The indictment itself is on its face good.

The motion to quash should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. S. Gooding*, for the state.